# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

### STATE OF TENNESSEE v. ROBERT LEE SMARTT

**Appeal from the Circuit Court for Coffee County**
**Nos. 2S-208, 2S-211      John W. Rollins, Judge**

---

### No. M2005-00176-CCA-R3-CO - Filed September 2, 2005

---

The Petitioner, Robert Lee Smartt, appeals the trial court's denial of his petition for writ of error coram nobis which asserted that newly discovered evidence existed that may have resulted in a different judgment at trial. The State has filed a motion requesting that this Court affirm the trial court's denial of relief pursuant to Rule 20, Rules of the Court of Criminal Appeals. We find the State's motion has merit. Accordingly, the motion is granted and the appeal is affirmed pursuant to Rule 20, Rules of the Court of Criminal Appeals.

### Tenn. R. App. P. 3; Judgment of the Trial Court Affirmed Pursuant to Rule 20, Rules of the Court of Criminal Appeals

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES, and JERRY L. SMITH, JJ, joined.

Robert Lee Smartt, pro se.

Paul G. Summers, Attorney General and Reporter; Blind Akrawi, Assistant Attorney General, for the appellee, State of Tennessee.

### MEMORANDUM OPINION

On October 21, 1991, the Petitioner pled guilty to two counts of theft over $60,000, and he was sentenced to eight years for each count, to be served concurrently, with probation after one year of incarceration. On November 1, 2004, the Petitioner filed a petition for writ of error coram nobis contending that he was denied effective assistance of counsel and that his convictions should be set aside because neither the trial court nor his attorney informed him that his convictions could be used to enhance future convictions. Specifically, the Petitioner claimed that his guilty pleas were based on an unknowing and involuntary waiver of his rights, and he did not fully understand the consequences of his plea. On November 15, 2004, the trial court dismissed the Petitioner's petition, without a hearing, finding that it was barred by the statute of limitations. The Petitioner filed his notice of appeal on November 23, 2004.

On appeal, the Petitioner contends that the trial court erred in denying his petition for writ of error coram nobis. The State contends that the petition for writ of error coram nobis was filed outside the one year statute of limitations. Further, the State asserts that the Petitioner failed to allege any newly discovered evidence.

A petition for writ of error coram nobis relief must be filed within one year of the time judgment becomes final in the trial court. See Tenn. Code Ann. § 27-7-103. Based on the record, it is clear that the Petitioner's petition was filed several years after the statute of limitations had run. However, due process may require that the statute of limitations for filing a petition for writ of error coram nobis be tolled. See Workman v. State, 41 S.W.3d 100, 103 (Tenn. 2001). Nothing in the record implicates any due process concerns that would require that the statute of limitations be tolled. We conclude, therefore, that the trial court properly denied the relief sought by the Petitioner.

Similarly, if we treat the Petitioner's petition as a petition for post-conviction relief, his claims are time-barred. The Petitioner filed his petition beyond that time allowed by the statute, and none of the exceptions to this time limit apply in this case. See Tenn. Code Ann. § 40-30-102(b). Under the Post-Conviction Procedure Act, exceptions to the statute of limitations are set forth. These exceptions include: (1) claims based upon a new rule of constitutional law applicable to a petitioner's case; (2) claims based upon new scientific evidence showing innocence; and (3) claims based upon sentences that were enhanced because of a previous conviction and the previous conviction was subsequently found to be illegal. See Tenn. Code Ann. § 40-30-102(b)(1)-(3) (2003). The Petitioner has failed to assert any of these exceptions for tolling the statute. He cites no new constitutional rule, refers to no new scientific evidence, and makes no claim that an earlier conviction has been overturned. See Tenn. Code Ann. § 40-30-106(g) (2003). Thus, no grounds exist as an exception to the statute of limitations.

Further, if we treat the Petitioner's petition as a writ of habeas corpus, the Petitioner is not entitled to relief. The grounds upon which a writ of habeas corpus may be issued are very narrow. McLaney v. Bell, 59 S.W.3d 90, 92 (Tenn. 2001). A writ of habeas corpus is available only when it appears from the face of the judgment or record that either the convicting court was without jurisdiction to convict or sentence the petitioner, or the petitioner's sentence has expired. Archer v. State, 851 S.W.2d 157, 164 (Tenn. 1993); Potts v. State, 833 S.W.2d 60, 62 (Tenn. 1992). In other words, habeas corpus relief may only be sought when the judgment is void, not merely voidable. Taylor v. State, 995 S.W.2d 78, 83 (Tenn. 1999).

The procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. Hickman v. State, 153 S.W.3d 15, 19-20 (Tenn. 2004); Archer, 851 S.W.2d at 165. Under Tennessee Code Annotated section 29-21-105, a petition for habeas corpus relief "should be made to the court or judge most convenient in point of distance to the applicant, unless a sufficient reason be given in the petition for not applying to such court or judge." Tenn.Code Ann. § 29- 21-105 (2003). According to the record, the Petitioner is incarcerated at the Federal Institution located in Memphis, Tennessee, and he has not provided a reason as to why he filed his petition in a court other

than the court closest in point of distance to him. The Petitioner has failed to follow the procedural requirements required for a habeas corpus petition.

Additionally, the Petitioner has failed to set forth any allegations that would indicate that the trial court lacked jurisdiction to convict or sentence him or that he is unlawfully "restrained" for a sentence that has expired. The Petitioner's claim of an involuntary plea is not properly cognizable in a habeas corpus petition because, if proven, the claim would render the judgment merely voidable, not void. Further, the Petitioner's sentences have already been served, and he is thus not confined because of the sentences at issue in this case.

Accordingly, the State's motion is hereby granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
ROBERT W. WEDEMEYER, JUDGE